RANDALL D. NAIMAN, #81048
NAIMAN LAW GROUP, PC
4660 La Jolla Village Drive, Ste. 500
San Diego, California 92122
Phone: (858) 535-4808
Facsimile: (858) 535-4809

Attorneys for Movant, **CITIBANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR6**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA, SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>LOPE G. OCHOA,<br><br>            Debtor.<br>_____<br>CITIBANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR6,<br><br>            Movant,<br><br>vs.<br><br>LOPE G. OCHOA, Debtor, and David Burchard, Trustee,<br><br>            Respondents. | Bankruptcy Case No. 10-10518<br><br>Docket Control No. RDN-1<br><br>Chapter 13 (Voluntary)<br><br><br><u>HEARING DATE</u>:<br><br>DATE:  April 22, 2010<br>TIME:   9:00 a.m.<br>CTRM:  Santa Rosa Courtroom |

<u>**CITIBANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR6'S MOTION FOR RELIEF FROM AUTOMATIC STAY (UNLAWFUL DETAINER) (17023 Sienna Ridge Drive, San Diego, CA 92127)**</u>

**TO THE HONORABLE ALAN JAROSLOVSKY, UNITED STATES BANKRUPTCY**

COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE** that CITIBANK, N.A., AS TRUSTEE FOR CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2007-AR6, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-AR6 ("Movant") has filed the attached Motion For Relief From The Automatic Stay (the "Motion") in the above-entitled and numbered Chapter 13 case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

Movant requests the Court to grant it relief from the automatic stay based upon the following grounds: (a) cause; (b) inadequate protection; (c) lack of equity; and (d) bad faith).

### II.

### STATEMENT OF FACTS

1. **Jurisdiction.** This court has jurisdiction of this matter pursuant to Title 28 U.S.C. section 157 and Title 11 U.S.C. section 362. This Motion is brought pursuant to Federal Rules of Bankruptcy Procedure Rule 4001(a)(2).

2. **Debtor.** Debtor LOPE G. OCHOA ("Debtor") filed his petition under Chapter 13 of the Bankruptcy Code on February 18, 2010.

3. **Chapter 13 Trustee.** Respondent David Burchard has been appointed as Trustee of the bankruptcy estate of Debtor.

4. **Multiple Bankruptcy Filings**. This is the second bankruptcy petition filed in the last two months by Debtor. On January 8, 2010, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code and assigned case no 10-40190 ("First Bankruptcy"). On February 11, 2010, Debtor's First Bankruptcy was dismissed. On February 18, 2010, Debtor filed this bankruptcy petition under Chapter 7 of the Bankruptcy Code.

5. **Movant is Legal Owner.** Movant is the legal owner of the premises commonly described as 17023 Sienna Ridge Drive, San Diego, CA 92127 (the "Property"), and is entitled to exclusive possession thereof. Movant acquired the Property pursuant to a foreclosure sale on September 10, 2009, and recorded the deed within the period provided by state law for perfection. A true and correct copy of the recorded Trustee's Deed Upon Sale, including the legal description of the Property, is attached as Exhibit "A."

5. **Debtor Has No Ownership Interest.** The Debtor has no ownership interest in the Property.

6. **Procedural History of State Court Action.** Movant caused a Notice to Quit to be served upon the Debtor on September 26, 2009, a true and correct copy of which is attached hereto as Exhibit "B." Before the filing of the petition, Movant had commenced an unlawful detainer proceeding in state court and completed the following: (1) Movant filed a Complaint for Unlawful Detainer against the Debtor on October 7, 2009, a true and correct copy of which is attached hereto as Exhibit "C." (2) An Unlawful Detainer Judgment against the Debtor was entered on the Complaint for Unlawful Detainer on December 30, 2009, a true and correct copy of which is attached hereto as Exhibit "D." (3) Unaware that a bankruptcy petition had been filed, a Writ of Possession for the Property was issued by the state court on March 4, 2010.

7. **Operation of Automatic Stay.** The operation of the automatic stay in this case precludes Movant from proceeding with an Unlawful Detainer Action in State Court, and therefore requires Movant to seek from this Court Relief from the Automatic Stay.

### III.

### CAUSE EXISTS FOR RELIEF FROM STAY

Pursuant to 11 U.S.C. sec. 362(a)(1), cause exists because, as of the petition date, Debtor had no right to continued occupancy of the Premises because Movant acquired title to the Premises by foreclosure sale pre-petition and recorded the deed within the period provided by state law for perfection.

## IV.

## **MOVANT BELIEVES THIS PETITION HAS BEEN FILED IN BAD FAITH TO DELAY OR HINDER MOVANT IN ITS STATE COURT ACTION.**

Movant believes this petition has been filed in bad faith to delay or hinder Movant. Movant contends that Debtor has "unfairly manipulated the Bankruptcy Code." In re Goeb, 675 F. 2d (9th Cir. 1982) 675 F.2d 1386, 1391. The timing of this filing strongly suggests that Debtor's only motive was to delay the eviction of the debtor from the property. In re Marsh (1994) 36 F.3d 829 (holding that filing a petition to delay collection of a judgment was in bad faith).

## V.

## **DEBTOR HAS NO EQUITY IN THE PROPERTY.**

Relief from the automatic stay under Section 362(d) of the Bankruptcy Code should be granted if the Debtor has no equity in the property at issue. 11 U.S.C. sec. 362(d).

In this case, Debtor does not have any equitable interest in the Property at the time Debtor filed for bankruptcy. Movant acquired the Property at a trustee's sale on September 10, 2009, prior to the filing of the bankruptcy petition by Debtor, and is now the record owner of title.

It is submitted that these authorities provide a mandate for relief from stay.

WHEREFORE, Movant prays that this Court issue an order granting the following:

1. The automatic stay pursuant to 11 U.S.C. section 362 is hereby terminated as to the estate, or the Debtor's interest in that certain real property commonly known as 17023 Sienna Ridge Drive, San Diego, CA 92127 ("the "Property"), and legally described in Exhibit "A."

2. Movant may proceed with any and all legal remedies available to recover possession of the Property. Said remedies include, but are not limited to, commencement of an unlawful detainer in state court, without further restraint of this

Court.

3. That the order shall be binding and effective in any case under this title purporting to affect the subject property filed not later than 2 years after the date of entry of the order, except that the debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

4. Annulment of the stay retroactive to the petition date, so that enforcement actions taken by Movant before receipt of the notice of the automatic stay will not be deemed to have been voided by the stay.

5. That the ten (10) day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

6. That the order will be binding in any and all chapters following any later conversion of this case to a case under a different chapter of Title 11 of the U.S. Code, unless a specific exception has been provided herein.

DATED: April 5, 2010 Respectfully submitted,

NAIMAN LAW GROUP, PC
By: /s/ Randall D. Naiman
RANDALL D. NAIMAN
Attorneys for Movant